```
 1  SCOTT N. SCHOOLS, SC 9990
    United States Attorney
 2  JOANN M. SWANSON, CSBN 88143
    Chief, Civil Division
 3  EDWARD A. OLSEN, CSBN 214150
    Assistant United States Attorney
 4
    450 Golden Gate Avenue, Box 36055
 5  San Francisco, California 94102
    Telephone: (415) 436-6915
 6  FAX: (415) 436-6927

 7  Attorneys for Defendant
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SERAFINA SALAZAR, ) | No. C 06-1300-MJJ |
| Plaintiff, ) | **STIPULATION AND [PROPOSED]** |
| ) | **ORDER APPROVING COMPROMISE** |
| v. ) | **SETTLEMENT** |
| UNITED STATES POSTAL SERVICE, ) | |
| Defendant. ) | |

IT IS HEREBY STIPULATED by and between Plaintiff Serafina Salazar and Defendant United States of America, by and through their respective attorneys as follows:

1. The parties do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein.

2. Defendant United States of America agrees to pay to Plaintiff Serafina Salazar the sum of Seventeen Thousand Five Hundred Dollars and no cents ($17,500.00), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise

STIPULATION AND [PROPOSED] ORDER APPROVING COMPROMISE SETTLEMENT
C 06-1300-MJJ

1

to the above-captioned lawsuit, including any claims for wrongful death, for which Plaintiff or her heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agencies, agents, servants, and employees.

3. Plaintiff and her heirs, executors, administrators or assigns hereby agree to accept the sum listed in paragraph 2 in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which she may have or hereafter acquire against the United States of America, its agencies, agents, servants and employees on account of the same subject matter that gave rise to the above-captioned lawsuit, including any future claim for wrongful death. Plaintiff and her heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agencies, agents, servants or employees from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or her heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4. This stipulation for compromise settlement shall not constitute an admission of liability or fault on the part of the United States, its agencies, agents, servants, or employees, and is entered into by the parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

5. This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

6. It is also agreed, by and among the parties, that the settlement amount of Seventeen Thousand Five Hundred Dollars and no cents ($17,500.00) to Serafina Salazar

1 represents the entire amount of the compromise settlement and that the respective parties
2 will each bear their own costs, fees, and expenses and that any attorneys' fees owed by
3 Plaintiff will be paid out of the settlement amount and not in addition thereto.

7. It is also understood by and among the parties that, pursuant to Title 28, United States Code, Section 2678, attorneys' fees for services rendered in connection with this action shall not exceed 25 percent of the amount of the compromise settlement.

8. Payment of the settlement amount will be made by a check drawn on the United States Postal Service for Seventeen Thousand Five Hundred Dollars and no cents ($17,500.00) and made payable to Serafina Salazar and Stephen Cornet, a Professional Corporation.

9. In consideration of this Agreement and the payment of the foregoing amount thereunder, Plaintiff agrees that upon notification that the settlement check is ready for delivery, she will deliver to Defendant's counsel a fully executed Notice of Dismissal with prejudice of Salazar v. United States Postal Service, C 06-1300-MJJ. Upon delivery of the Notice of Dismissal, Defendant's counsel will release the settlement check to Plaintiff's counsel or her agent.

10. Plaintiff has been informed that payment may take sixty days or more to process, but Defendant agrees to make good faith efforts to expeditiously process said payment.

11. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue her original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court. The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

12. Plaintiff hereby releases and forever discharges the United States and any and all of its past and present officials, employees, agencies, agents, attorneys, their successors

STIPULATION AND [PROPOSED] ORDER APPROVING COMPROMISE SETTLEMENT
C 06-1300-MJJ

3

| | |
|---|---|
| 1 | and assigns, from any and all obligations, damages, liabilities, actions, causes of action, |
| 2 | claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, |
| 3 | at law or in equity, known or unknown, arising out of the allegations set forth in Plaintiff's |
| 4 | pleadings in this action. |
| 5 | 13. The provisions of California Civil Code Section 1542 are set forth below: |
| 6-7 | "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." |
| 8 | Plaintiff having been apprised of the statutory language of California Civil Code Section |
| 9 | 1542 by her attorneys, and fully understanding the same, nevertheless elects to waive the |
| 10 | benefits of any and all rights she may have pursuant to the provision of that statute and any |
| 11 | similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's |
| 12 | injuries and the liability of the government for damages pertaining thereto are found |
| 13 | hereinafter to be other than or different from the facts now believed by them to be true, the |
| 14 | Agreement shall be and remain effective notwithstanding such material difference. |
| 15 | 14. This instrument shall constitute the entire Agreement between the parties, and |
| 16 | it is expressly understood and agreed that the Agreement has been freely and voluntarily |
| 17 | entered into by the parties hereto with the advice of counsel, who have explained the legal |
| 18 | effect of this Agreement. The parties further acknowledge that no warranties or |
| 19 | representations have been made on any subject other than as set forth in this Agreement. |
| 20 | This Agreement may not be altered, modified or otherwise changed in any respect except by |
| 21 | writing, duly executed by all of the parties or their authorized representatives. |
| 22 | // |
| 23 | // |
| 24 | // |
| 25 | // |
| 26 | // |
| 27 | // |
| 28 | |

STIPULATION AND [PROPOSED] ORDER APPROVING COMPROMISE SETTLEMENT
C 06-1300-MJJ

4

//

Dated: June 20, 2007

_____
SERAFINA SALAZAR
Plaintiff

Dated: June 20, 2007

_____
STEPHEN H. CORNET
Attorney for Plaintiff

Dated: ~~June 20,~~ 2007  July 11

SCOTT N. SCHOOLS
United States Attorney

_____
EDWARD A. OLSEN
Assistant United States Attorney

[~~PROPOSED~~] ORDER

APPROVED AND SO ORDERED.

Dated: 7/15/2007

_____
MARTIN J. JENKINS
United States District Court Judge

STIPULATION AND [PROPOSED] ORDER APPROVING COMPROMISE SETTLEMENT
C 06-1300-MJJ

5